UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

ARTHUR LEE SMITH,

               Plaintiff,               Case No. 15-cv-13149

v                                      Honorable Thomas L. Ludington

COMMISSIONER OF
SOCIAL SECURITY,             Magistrate Judge Patricia T. Morris

               Defendant.

_____/

**ORDER OVERRULING PLAINTIFF'S OBJECTION, ADOPTING THE
REPORT AND RECOMMENDATION, DENYING PLAINTIFF'S MOTION
FOR SUMMARY JUDGMENT, GRANTING DEFENDANT'S MOTION
FOR SUMMARY JUDGMENT, AND AFFIRMING THE DECISION OF
THE COMMISSIONER**

On June 13, 2016, Magistrate Judge Patricia T. Morris issued a Report and

Recommendation, ECF No. 14, on Plaintiff Arthur Lee Smith's motion for

summary judgment and Defendant Commissioner of Social Security's motion for

summary judgment. ECF Nos. 11, 12. In the report and recommendation, Judge

Morris recommends denying Smith's motion for summary judgment, granting the

Commissioner's motion for summary judgment, and affirming the Commissioner's

decision denying Smith's disability application. On June 15, 2016, Smith timely

filed an objection. ECF No. 15.

Smith's objection will be overruled and the report and recommendation will be adopted. Accordingly, Plaintiff's motion for summary judgment will be denied, Defendant's motion for summary judgment will be granted, and Plaintiff's claims will be dismissed with prejudice.

## I.

Neither party has objected to Judge Morris's summary of the relevant background of the case. For that reason, the summary is adopted in full.

## II.

When reviewing a case under 42 U.S.C. § 405(g), the Court must affirm the Commissioner's conclusions "absent a determination that the Commissioner has failed to apply the correct legal standards or has made findings of fact unsupported by substantial evidence in the record." *Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 528 (6th Cir. 1997) (citations omitted). Substantial evidence is "such evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* (citation omitted).

## A.

Pursuant to Federal Rule of Civil Procedure 72, a party may object to and seek review of a Magistrate Judge's report and recommendation. See Fed. R. Civ. P. 72(b)(2).  Objections must be stated with specificity. *Thomas v. Arn*, 474 U.S. 140, 151 (1985) (citation omitted).  If objections are made, "[t]he district judge

must determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3). De novo review requires at least a review of the evidence before the Magistrate Judge; the Court may not act solely on the basis of a Magistrate Judge's report and recommendation. *See Hill v. Duriron Co*., 656 F.2d 1208, 1215 (6th Cir. 1981). After reviewing the evidence, the Court is free to accept, reject, or modify the findings or recommendations of the Magistrate Judge. *See Lardie v. Birkett*, 221 F. Supp. 2d 806, 807 (E.D. Mich. 2002).

Only those objections that are specific are entitled to a de novo review under the statute. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986). "The parties have the duty to pinpoint those portions of the magistrate's report that the district court must specially consider." *Id*. (internal quotation marks and citation omitted). A general objection, or one that merely restates the arguments previously presented, does not sufficiently identify alleged errors on the part of the magistrate judge. *See VanDiver v. Martin*, 304 F.Supp.2d 934, 937 (E.D.Mich.2004). An "objection" that does nothing more than disagree with a magistrate judge's determination, "without explaining the source of the error," is not considered a valid objection. *Howard v. Sec'y of Health and Human Servs*., 932 F.2d 505, 509 (6th Cir. 1991). Without specific objections, "[t]he functions of the district court are effectively duplicated as both the magistrate and the district court perform identical tasks. This

duplication of time and effort wastes judicial resources rather than saving them, and runs contrary to the purposes of the Magistrate's Act." *Id*.

### B.

Smith raises only one general objection to Judge Morris's report and recommendation. He asserts that the Commissioner's determination that Smith was not disabled was not supported by substantial evidence. Smith "specifically objects to Sections G and H . . . of the Report and Recommendation." Pl. Objs. at 1, ECF No. 15. Sections "G" and "H" of the report and recommendation encompass the entirety of Judge's Morris's analysis and conclusion. "A general objection to the entirety of the magistrate's report has the same effects as would a failure to object." *Howard*, 932 F.2d at 509. Smith has not filed a specific objection and thus is not entitled to de novo review of Judge Morris's report and recommendation.

Even if Smith's objection is broadly construed as arguing that the ALJ's did not analyze all relevant medical evidence in finding that Smith was not disabled, Smith's objection is still flawed. Smith argues that the ALJ improperly rejected Dr. Ochs's opinion by ignoring two MRI evaluations and an electrodiagnostic study which Dr. Ochs relied upon. But Judge Morris directly and explicitly addressed this very argument in the report and recommendation. *See* Rep. & Rec. at 16–18. Smith does not mention once in his objection any defect in Judge Morris's reasoning. He is simply reiterating arguments already raised before the Magistrate

Judge. Merely expressing disagreement with the conclusion reached by the Magistrate Judge is not sufficient to adequately state an objection. *See Peacock v. Comm'r of Soc. Sec.*, No. 1:15-CV-572, 2016 WL 2997429, at *1 (W.D. Mich. May 25, 2016). Because Judge Morris already fully and clearly addressed the arguments that Smith is currently advancing, Smith's objections will be overruled and the report and recommendation will be adopted.

## III.

Because the ALJ reached her decision using correct legal standards and because those findings were supported by substantial evidence, the Court must affirm it, even if reasonable minds could disagree on whether the individual was disabled or substantial evidence could also support a contrary result. *Wright v. Massanari*, 321 F.3d 611, 614 (6th Cir. 2003); *see also Longworth v. Comm'r of Soc. Sec.*, 402 F.3d 591, 595 (6th Cir. 2006) ("If substantial evidence supports the Commissioner's decision, this Court will defer to that finding even if there is substantial evidence in the record that would have supported an opposite conclusion.").

Accordingly, it is **ORDERED** that Plaintiff Smith's objection, ECF No. 15, is **OVERRULED**.

It is further **ORDERED** that the report and recommendation, ECF No. 14, is **ADOPTED**.

It is further **ORDERED** that Plaintiff Smith's motion for summary judgment, ECF No. 11, is **DENIED**.

It is further **ORDERED** that Defendant Commissioner's motion for summary judgment, ECF No. 12, is **GRANTED**.

It is further **ORDERED** that the Commissioner of Social Security's decision is **AFFIRMED**.


Dated: September 12, 2016                    s/Thomas L. Ludington
                                             THOMAS L. LUDINGTON
                                             United States District Judge

PROOF OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on September 12, 2016.

                              s/Michael A. Sian
                              MICHAEL A. SIAN